IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Kendrel Johnson, | ) | Case No.: 4:25-cv-09753-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Sgt. Lenored Longe, Sgt. J. Coleman, | ) | |
| Sgt. Gentry, Jeffery Stevens, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 20), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report is about the Magistrate Judge's initial review of *pro se* Plaintiff Jonathan Kendrel Johnson's ("Plaintiff") Amended complaint.[1] (DE 11.)

A.   **Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

Plaintiff, proceeding *pro se* and *in forma pauperi*s sued Sgt. Lenored Longe ("Longe"), Sgt. J. Coleman ("Coleman"), Sgt. Gentry ("Gentry"), Jeffery Stevens

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

("Stevens") under 42 U.S.C. § 1983 alleging violations under the First, Fourth, Fourteenth, and Eighth Amendments of the United States Constitution. (DE 11 at 4.). Plaintiff alleges that in June 2025, Coleman instructed others to take Plaintiff's clothes, shoes, blankets, and mattress, leaving him to sleep on concrete and steel, which resulted to injuries occurring to his neck and back and sciatic nerve. (*Id.* at 5.) Plaintiff contends Gentry found him guilty without a hearing and "sanctioned [him] to 30 days[s]." (*Id.*) Plaintiff further alleges he was given nothing more than Tylenol and was denied "real medical attention". (*Id.*) Plaintiff seeks $3,000,000 in compensatory damages and $5,000,000 in punitive damages. (*Id.*)

**B.     Report and Recommendation**

On October 7, 2025, the Magistrate Judge issued the Report (DE 20) recommending partial dismissal of the Amended Complaint. The Magistrate Judge conducted the statutorily required screening of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which obligate federal courts to dismiss any portion of a prisoner's complaint that fails to state a claim upon which relief may be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. The Report outlines the governing standards for evaluating claims brought under 42 U.S.C. § 1983, emphasizing that a plaintiff must allege both the deprivation of a right secured by the Constitution or federal law and that the deprivation was committed by a person acting under color of state law. (*Id.*) The Report further explains that, although Plaintiff's claims are framed under several constitutional amendments, they are properly analyzed under the Fourteenth

Amendment due process framework applicable to pretrial detainees. *See Short v. Hartman*, 87 F.4th 593, 609 (4th Cir. 2023).

The Magistrate Judge determined that Plaintiff's allegations against Defendants Coleman and Gentry, liberally construed, were sufficient at this preliminary stage to survive summary dismissal, particularly as Plaintiff alleges (1) that Coleman ordered the removal of his clothing, bedding, and mattress, leading to physical injury, and (2) that Gentry imposed a disciplinary sanction without adequate hearing procedures and likewise ordered removal of Plaintiff's property. Based on these allegations, the Magistrate Judge authorized issuance and service of process as to Coleman and Gentry in a separately docketed order.

However, after reviewing Plaintiff's amended allegations in light of the legal standards for personal liability under § 1983, the Magistrate Judge recommended dismissal of Defendants Longe and Stevens. As to Defendant Longe, the Report concludes that Plaintiff alleges no conduct that plausibly links Longe to any constitutional injury, noting that Plaintiff states only that Longe placed him in a housing unit and attributes no role to him in the removal of property or the conditions leading to injury. A viable § 1983 claim requires an affirmative causal connection between a defendant's personal conduct and the alleged deprivation of rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Because Plaintiff was previously afforded an opportunity to cure this deficiency and failed to do so, the Report recommends dismissal with prejudice.

The Report likewise recommends dismissal of Sheriff Stevens. Plaintiff alleges solely that Stevens is liable based on his supervisory role and does not allege facts showing personal involvement in the purported violations or satisfaction of the established requirements for supervisory liability under § 1983. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Report concludes that Plaintiff's bare assertion of supervisory responsibility is insufficient to state a constitutional claim against Stevens, warranting dismissal with prejudice.

No objections to the Report have been filed.

**C.    Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**D.    Conclusion**

After a careful review of the entire record and the applicable law, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned and supported by the record. In the absence of any objections, the Court finds no clear error. Accordingly, the Court hereby adopts the Report and Recommendation (DE 20) in full.

IT IS THEREFORE ORDERED that Defendants Sgt. Lenored Longe and Jeffery Stevens are DISMISSED with prejudice and without issuance and service of

process. Plaintiff's claims against Defendants Sgt. J. Coleman and Sgt. Gentry shall proceed in accordance with the Court's prior service order.

    IT IS SO ORDERED.

Florence, South Carolina
December 10, 2025

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.