IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jonathan Kendrel Johnson, Plaintiff, v. Sgt. J. Coleman and Sgt. M. Gentry, Defendants. | C/A No. 4:25-cv-09753-JD-TER<br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 45), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting Defendants' Motion for Summary Judgment (DE 38) and dismissing the remaining claims in this action brought under 42 U.S.C. § 1983. No objections have been filed. For the reasons below, the Court finds no clear error and adopts the Report.

**A. Background**

Plaintiff Jonathan Kendrel Johnson ("Plaintiff"), proceeding pro se, alleged that while he was a pretrial detainee at the Spartanburg County Detention Center, Defendants imposed an unwarranted disciplinary sanction and deprived him of his clothing, bedding, and mattress. Plaintiff alleged that these conditions caused neck, back, and leg pain and that he did not receive adequate medical attention. (DE 11.) In an earlier order, the Court dismissed the other named defendants and permitted the claims against Coleman and Gentry to proceed. (DE 34.)

The record reflects that on June 13, 2025, detention officers investigated a reported physical altercation between Plaintiff and another detainee. Plaintiff was charged with creating a disturbance, failing to follow instructions, and engaging in a physical altercation. At the ensuing disciplinary proceeding, Plaintiff pleaded guilty to creating a disturbance and disputed the remaining charges, maintaining that the two detainees had been wrestling or engaged in horseplay. He was found guilty of all three charges and sanctioned to thirty days in the Behavioral Management Unit ("BMU"). (DE 38-1; DE 38-4; DE 41.)

Defendants moved for summary judgment, relying on the incident and disciplinary records, the BMU policy, and medical records. (DE 38.) Plaintiff responded in opposition (DE 41), and Defendants replied (DE 43). After considering the parties' submissions, the Magistrate Judge recommended summary judgment on Plaintiff's procedural due process, conditions-of-confinement, and medical-indifference claims and deemed any First Amendment retaliation claim withdrawn. (DE 45 at 5–9.)

The Report was mailed to Plaintiff at his address of record on September 28, 2026. (DE 46.) The mailing was returned as undeliverable on October 27, 2026, with a handwritten notation indicating that Plaintiff was "not in jail." (DE 47.) Plaintiff had previously been directed to notify the Clerk of any change of address. (DE 19.) No updated address or objections appear in the docket.

### B. Legal Standard

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the district court makes a de novo determination of those portions of a report to which a specific objection is made. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). When no specific objections are filed, however, the Court ordinarily need only satisfy itself that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Summary judgment is appropriate when the movant demonstrates that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party, but unsupported allegations in an unverified pleading or mere speculation do not establish a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

### C. Discussion

The Report mailed to Plaintiff at his address of record was returned as undeliverable, despite the prior instruction to notify the Clerk of address changes. (DE 19, 46–47.) The Court neither presumes actual receipt nor treats Plaintiff's silence as a knowing waiver of appellate rights. *See Wright v. Collins*, 766 F.2d 841,

846–47 (4th Cir. 1985); *Lotharp v. Office of United States Attorney*, No. 21-6720, 2022 WL 203736, at *1 (4th Cir. Jan. 24, 2022) (per curiam) (unpublished). The Court has reviewed the Report and summary-judgment record for clear error.

The Report correctly evaluated Plaintiff's procedural due process and conditions-of-confinement claims under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979); *Dilworth v. Adams*, 841 F.3d 246, 251–54 (4th Cir. 2016). It considered the disciplinary notice and sanction records, as well as Plaintiff's allegations concerning witnesses, an advisor, and bias. (DE 45 at 5–7.) The record confirms that a hearing occurred, and Plaintiff produced no evidence that he requested and was denied witnesses or assistance or that the hearing officer was biased. The Court finds no clear error in that determination.

The Report also considered Plaintiff's BMU placement, including nine days without a mattress. (DE 45 at 7–8.) Defendants submitted the BMU policy and evidence that Plaintiff received a jumpsuit, hygiene items, and a blanket at night. The Court finds no clear error in the conclusion that the record does not establish unconstitutional confinement conditions under the Fourteenth Amendment. *See Williamson v. Stirling*, 912 F.3d 154, 174, 178 (4th Cir. 2018).

The Report also correctly applied the objective medical-indifference standard applicable to pretrial detainees. *See Short v. Hartman*, 87 F.4th 593, 611–12 (4th Cir. 2023). The medical records reflect treatment, and Plaintiff presented no evidence that either nonmedical Defendant denied or interfered with it. (DE 45 at 8–9.) Nor does the record support a First Amendment retaliation claim based on protected activity.

(*Id.* at 5 n.4.) The Court finds no clear error in recommending summary judgment on these claims.

**D. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (DE 45) and incorporates it herein. Defendants' Motion for Summary Judgment (DE 38) is **GRANTED**, and Plaintiff's remaining claims against Defendants Sgt. J. Coleman and Sgt. M. Gentry are **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58, close this action, and mail a copy of this Order and the judgment to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 13, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order and the accompanying judgment. A notice of appeal must be filed with the Clerk of Court within thirty (30) days after entry of judgment. Fed. R. App. P. 3, 4(a)(1)(A).